IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff-Respondent,

v.                                    CIV 10-0216 JB/KBM
                                    CR   09-0111 JB

IVAN AARON LOPEZ-VALENCIA,

          Defendant-Movant.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

Defendant pleaded guilty to illegal re-entry after removal, received a forty-one month

sentence, and now seeks relief under 28 U.S.C. § 2255.[1]  He raises four interrelated grounds that

challenge the calculations used to arrive at his sentence.  *See Doc. 1* at 4, 5, 7, 8, 13.  I have

carefully considered the record of the criminal proceedings and the arguments by the parties.

Because the record establishes conclusively that Defendant is not entitled to relief, an

---

[1]  Unless otherwise noted, citations to "*Doc.*" are the documents filed in this civil action.
Although the federal form for initiating a § 2255 action is captioned "motion," as is the common practice
both in this Court and the Tenth Circuit, I refer to the document as a "petition."  *See e.g., United States v.
Shipp*, 589 F.3d 1084, 1086 (10th Cir. 2009) ("appeals the district court's denial of his 28 U.S.C. § 2255
habeas petition"); *United States v. Jose Garcia-Cardenas*, CIV 08-0382 LH/KBM (*Doc. 7* at 2)
("Defendant raises three claims in his § 2255 petition").

evidentiary hearing is not necessary.[2]  The petition should be dismissed for the reasons set forth

in the United States' response, which I incorporate by reference.  To that discussion, I add the

following observations.

The federal complaint charged Defendant as

an alien, who had been previously arrested and deported from the United States
subsequent to being convicted of an aggravated felony, to wit:  Aggravated
Battery, and who had not received the consent of the appropriate authority of the
United States to reapply for admission into the United States, was found in the
United States . . . in violation of [8 U.S.C. §§] 1326(a)(1) and (2), 1326(b)(2).

*United States v. Lopez-Valencia,* CR 09-111 (*Doc. 1* at 1).  As used above, the word

"subsequent" means the same thing as "after."  Thus, for aliens who are convicted of an

aggravated felony, then deported, and then illegally re-enter the United States, 8 U.S.C. § 1326

authorizes a twenty-year sentence of incarceration.

The elements of the crime of reentry after conviction of an aggravated felony are all met

by the facts of this case.  It is undisputed that Defendant is a citizen of Mexico without

permission to be in the United States.   *Id.* (*Doc. 37* at 6 - transcript of plea).   The events leading

to his unlawful re-entry are:

- 2000 – Defendant illegally entered the United States.

- 2004 – Defendant repeatedly stabbed a man with a knife.  He pleaded
  guilty to the New Mexico state charge of aggravated battery with a deadly
  weapon.  Attempted murder and tampering with evidence charges were
  dismissed.  He received the maximum sentence of three years
  imprisonment, and the judge suspended twenty-two months.

---

[2]  *See e.g.,* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case
conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served
upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings
of fact and conclusions of law with respect thereto."); Rule 8(a), RULES GOVERNING SECTION 2255
PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("If the motion is not dismissed, the judge
must review the answer, any transcripts and records of prior proceedings, and any materials submitted
under Rule 7 to determine whether an evidentiary hearing is warranted.").

- 2005 – New Mexico released Defendant from prison, and American immigration authorities deported him to Mexico.

- 2006 – Defendant was arrested in New Mexico for driving while intoxicated ("DWI").

- 2007 – Defendant was sentenced to one-year probation for the 2006 misdemeanor DWI which was revoked for probation violations and sentenced to nine days imprisonment.

- 2008 – During a traffic stop in September, Defendant was found with drugs in his possession.  State charges for possession of marijuana, cocaine and drug paraphernalia remain pending.

- While detained on those state criminal charges, Defendant admitted to ICE agents that he is in the United States illegally.  He was then charged with illegal reentry under 8 U.S.C. §1326, the crime for which he is now incarcerated.

*See id.* (*Doc. 21* at 7-9); *see also Presentence Report*, ¶¶ 5-7.

The probation officer who prepared the presentence report used § 2L1.2 of the 2008 version of the Sentencing Guidelines Manual.  *See Presentence Report*, ¶ 11.  Defendant bases his arguments on § 2L1.2 of the 2002 version of the Guidelines.  *See Doc. 1* at 5, 8, 13.  However, the two versions are not different in any material respect.  Both impose a base level of eight, with the directive to add levels if "defendant was previously deported . . . after" a conviction.  *See* U.S. SENTENCING GUIDELINES MANUAL §§ 2L1.2(a), (b)(1) (2008).  If that conviction was an "aggravated felony," then eight levels are added.  If that conviction was "a crime of violence," then the increase doubles to sixteen levels.  The  person calculating the sentence must use the "greatest level" that applies.  *See id.*, §§ 2L1.2(b)(1)(A)(ii), (b)(1)(C).

I believe Defendant's petition is based on two fundamental misunderstandings.  First, is his apparent belief that, because he was convicted of a felony that New Mexico labels as

"aggravated," only the eight-level "aggravated felony" enhancement can apply.[3]  Regardless of

the label a state gives to a crime, if one of the elements is the use of physical force against

another person, then the higher "crime of violence" enhancement applies.  *E.g., United States v.*

*Juarez-Galvan*, 572 F.3d 1156, 1159 (10th Cir. 2009) ("a felony is a crime of violence if it has as

an element the use, attempted use, or threatened use of physical force against the person of

another") (internal quotations and citation omitted), *cert. denied*, 130 S. Ct. 762 (2009); *c.f.,*

*United States v. Garcia-Caraveo*, 586 F.3d 1230, 1233 (10th Cir. 2009) ("To determine whether a

particular state's criminal statute falls within the ambit of the term 'crime of violence' under the

Guidelines, we look not to how a state has labeled its statute").

As presiding Judge Browning previously noted in a case analyzing a Kansas aggravated

battery statute,

> [c]ourts use the categorical approach, which involves focusing on the
> elements of the offense rather than the underlying conduct, when
> determining whether a particular conviction is a crime of violence under
> § 2L1.2(b)(1)(D).  *See United States v. Yanez-Rodriguez*, 555 F.3d 931,

---

[3]  Ground 2 of the petition asserts:

"Objection to the 16 levels of the presentence report . . . 16 levels should not have been
counted in calculating Defendant's criminal history points.  The law reads 'after a
conviction for aggravated felony or aiding and abetting an aggravated felony increase 8
levels' see United States Sentencing Guidelines Manual § 2L1.2 Cmt  n.4 (2002).  Prior
conviction for an aggravated felony receives only 8 level enhancement.

*Doc. 1* at 5 (certain grammar and punctuation changes supplied clarity); *see also id.* at 13 ("2.  The 16
level enhancement should not have been counted due to a conviction for an aggravated felony or aiding
and abetting an aggravated felony, is to be increased by 8 levels see U.S. Sentencing Guidelines Manual
§ 2L1.2 ***Cmt n.4*** (2002)") (same) (emphasis added); *id.* ("3.  According to the law in the case *Yanez-*
*Saucedo v. United States*, 295 F.3d 991 [(9th Cir. 2002), *cert. denied*, 537 U.S. 1214 (2003)], prior
conviction for an aggravated felony receives only an 8 level enhancement.") (same).

Comment 4 cited by Defendant provides that convictions for "aiding and abetting," "conspiracy,"
or "attempts" qualify for the eight-level enhancement.  *See* U.S. Sentencing Guidelines Manual §
2L1.2 cmt.4 (2002).  Comment 4 to the 2008 version defines "misdemeanor" and"three or more
convictions."  U.S. Sentencing Guidelines Manual § 2L1.2 cmt.4(A)-(B) (2008).

944 (10th Cir. 2009).  Comment note 1(B)(iii) of § 2L1.2's language regarding ***whether an offense has "as an element the use, attempted use, or threatened use of physical force against the person of another"*** in particular "demands an even narrower inquiry than generic offense enhancement provisions,"  *United States v. Zuniga-Soto*, 527 F.3d 1110, 1120 (10th Cir. 2008).  Escobedo-Guillermo was convicted under Kan. Stat. Ann. § 21-3414(a)(1)(B), which defines aggravated battery as "intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." As the parties and the PSR seem to agree, this statute is divisible and can be violated either by "intentionally causing bodily harm to another person with a deadly weapon . . . ," or by "intentionally causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted." When a statute is divisible and it is not apparent under what subpart of the statute a defendant was convicted, a court may employ the modified categorical approach and resort to certain reliable documents, such as charging documents or a plea agreement.  *See United States v. Rooks*, 556 F.3d 1145, 1148 (10th Cir. 2009).

*United  States v. Escobedo-Guillermo*, CR 09-0075 JB, Doc. 25 at 2-3 (2009) (emphasis added).

Here, as the presentence report found, the relevant New Mexico statute can meet the Guidelines definition of a "crime of violence" because it "has as an element the use . . . of physical force against the person of another."  *Presentence Report*, ¶ 13; *see also* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt.1(B)(iii).  Specifically, the New Mexico statute defines "aggravated battery" as the "unlawful touching or application of force to the person of another with intent to injure that person."  N.M. Stat. § 30-3-5 (1978).  Although the statute could have been violated by unlawful touching which could include such acts as spitting, the charging and other relevant documents make clear that Defendant was instead convicted of using physical force such that it was an element of the offense.  There is no question that Defendant engaged in such force by repeatedly stabbing someone with a knife.

Second, Defendant confuses the words "precedent" and "subsequent."[4]  In the *Sanchez-Mota* case, the defendant was deported on two occasions, illegally reentered, and then committed the felony.  In other words, the sequence in *Sanchez-Mota* was deportation-reentry-felony.  *See United States v. Sanchaz-Mota*, 319 F.3d 1, 2 (1st Cir. 2002).  Here, Defendant's deportation occurred after, and due to, his conviction for aggravated battery.  Thus, the sequence here is felony-deportation-reentry.  *Sanchez-Mota* is inapplicable.

Finally, Defendant faults his trial counsel for failing to object to the presentence report as permitted under Guideline §6A1.2 and FED. R. CRIM. P. 32(f).[5]  It is plain from the attachment to his petition that Defendant wanted his trial attorney to make the challenges to the sentencing calculations rejected above.  *See Doc. 1* at 13.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), Defendant must demonstrate that counsel's conduct was constitutionally deficient and that, but for the conduct, the result of the

---

[4]  Grounds 3 and 4 of the petition provide:

Objection to the use of the Defendant's prior conviction as an enhancement. Enhancement should not have been applied. . . .  The Defendant's removal was precedent to his conviction for aggravated felony.

* * * * *

The enhancement should not have been counted or applied. . . .  According to the law in the case of *Sanchez-Mota v. U.S.*, Defendant's 30-month sentence for being an alien found in the U.S. after removal in violation of U.S.S.G. § 1326(a) was improperly enhanced under U.S.S.G. Manual 2L1.2(b)(1)(c) because of Defendant's conviction in Puerto Rico for aggravated felony, because Defendant's removal was precedent to his conviction for aggravated felony, enhancement did not apply to his factual circumstance.

*Doc. 1* at 7, 8 (certain grammar and punctuation changes supplied clarity); *see also id.* at 13 ("4. According to the law in the case *Sanchez-Mota* . . . enhancement should not have been applied. Because the Defendant's removal was precedent to his conviction for aggravated felony").

[5]  *Id.* at 4 (Ground 1:  "Ineffective assistant of counsel.  The defendant's lawyer failed to make objection to the pre-sentence investigation report. . . .  The lawyer failed to follow the Law § 6A1.2 Rule 32(F) Fed. R. Crim. Procedure") (certain grammatical and punctuation supplied for clarity).

proceeding would have been different.  *E.g., Smith v. Robbins*, 528 U.S. 259, 286, n.14 (2000); *Strickland*, 466 U.S. at 687; *United States v. Orange*, 447 F.3d 792, 796-97 & n. 5 (10th Cir. 2006).  Defendant cannot show either prong.  "Counsel cannot be deficient for failing to argue a point that is contrary to controlling law."  *Hilliard v. United States*, 2009 WL 3064869, at *5 (E.D. Mo. 2009).  Likewise, counsel's "failure to raise these meritless claims at trial . . .  did not prejudice [Defendant's] case."  *Dennis v. Poppel*, 222 F.3d 1245, 1261 (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition be denied and this action dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE