IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                                   No. CIV 10-0216 JB/KBM
                                                                                    No. CR   09-0111 JB

IVAN AARON LOPEZ-VALENCIA,

    Defendant-Movant.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART
THE MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 30, 2010 (Doc. 10)("PFRD").  The PFRD notified the parties of their ability to file objections and that failure to do so waives appellate review.  See PFRD at 7.  See also Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010).  To date, Defendant-Movant Ivan Aaron Lopez-Valencia has not filed any objections, and there is nothing in the record indicating that the proposed findings were not delivered.  The Court has reviewed the PFRD and agrees with the findings of the Honorable Karen B. Molzen, United States Magistrate Judge, that Margaret Katze, Lopez-Valencia's counsel at his sentencing, did not provide him with ineffective assistance. The Court agrees that an objection to the application of U.S.S.G. § 2L1.2(b)(1)(A)(ii) in Lopez-Valencia's Presentence Investigation Report for his past conviction of aggravated battery with a deadly weapon pursuant to NMSA 1978, § 30-3-5C would likely have been unsuccessful, and Ms. Katze's choice to ask for a downward departure and a variance, rather than objecting to the guidelines did not constitute ineffective assistance.

        The Court agrees with Judge Molzen that a conviction under New Mexico's statute for

aggravated battery with a deadly weapon constitutes a crime of violence under U.S.S.G. § 2L1.2. The Court disagrees that such a conclusion requires an analysis using the modified categorical approach, because the aggravated battery with a deadly weapon statute -- § 30-3-5C -- does not contain "statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not[.]" Johnson v. United States, 130 S. Ct. 1265, 1273 (2010). New Mexico's aggravated battery statute provides:

> A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.
>
> B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.
>
> C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

NMSA 1978, § 30-3-5.  Lopez-Valencia was convicted of aggravated battery with a deadly weapon under § 30-3-5A & C.  See Presentence Investigation Report ¶ 13, at 5.  The section of the aggravated battery statute involving a deadly weapon is § 30-3-5C, which is divisible and can be violated by: (i) committing aggravated battery and "inflicting great bodily harm; (ii) committing aggravated battery "with a deadly weapon"; or (iii) committing aggravated battery "in any manner whereby great bodily harm or death can be inflicted."  When a statute is divisible and it is not apparent under what subpart of the statute a defendant was convicted, a court may employ the modified categorical approach and resort to certain reliable documents, such as charging documents or a plea agreement.  Here, however, it is unnecessary to look to the charging documents, because any of the three ways to commit § 30-3-5C involves "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 app. n.1(B)(iii).  The portion of the

statute requiring infliction of great bodily harm contains, as an element, the threatened use of physical force. See United States v. Treto-Martinez 421 F.3d 1156, 1159-60 (10th Cir. 2005)("No matter what the instrumentality of the contact, if the statute is violated by contact that can inflict great bodily harm, disfigurement or death, it seems clear that, at the very least, the statute contains as an element the 'threatened use of physical force.'"). Unlawful touching or application of force with a deadly weapon also includes an element of threatened use of physical force. See id. ("Causing physical contact with a deadly weapon in 'a rude, insulting or angry manner,' if not sufficient in itself to constitute actual use of physical force under § 2L1.2(b)(1)(A), could always lead to more substantial and violent contact, and thus it would always include as an element the 'threatened use of physical force.'"); United States v. Hernandez, 568 F.3d 827, 832 (10th Cir. 2009) ("Even if we were to assume that it is possible to knowingly place someone in fear by the use of a deadly weapon without actually intending to injure that person, . . . [it] still involve[s] the purposeful threatened use of physical force against the person of another."). Although the United States Court of Appeals for the Tenth Circuit has not yet directly analyzed whether New Mexico's statute for aggravated battery with a deadly weapon is a crime of violence under U.S.S.G. § 2L1.2, it has upheld a sentencing which included a 16-level enhancement for a defendant's New Mexico conviction for aggravated battery pursuant to § 2L1.2. See United States v. Gonzalez-Andazola, 160 Fed. Appx. 715, 717 (10th Cir. 2005)(where the defendant had a past conviction in New Mexico for aggravated battery, the Tenth Circuit noted that "[b]ased on the underlying conviction for aggravated battery, which is considered a crime of violence, a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was applied"). The Tenth Circuit has also found a similar aggravated battery statute constituted a crime of violence. See United States v. Treto-Martinez, 421 F.3d at 1159-60 (concluding that a Kansas conviction for aggravated battery against a law enforcement officer

qualified as a crime of violence under § 2L1.2(b)(1)(A) because it constituted the threatened use of physical force).  Because the Court finds that it is not necessary to apply a modified categorical approach to determine whether § 30-3-5C constitutes a crime of violence for purposes of applying the enhancement in U.S.S.G. § 2L1.2, the Court does not adopt that portion of Judge Molzen's PFRD.

The Court, however, agrees with the remainder of Judge Molzen's findings and therefore will adopt the PFRD in part.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 10) is adopted in part; (ii) Defendant-Movant Ivan Aaron Lopez-Valencia's Petition pursuant to 28 U.S.C. § 2255 is denied; and (iii) this action is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties*:

Kenneth J. Gonzales
  United States Attorney
Mary Catherine McCulloch
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Plaintiff-Respondent*

Ivan Aaron Lopez-Valencia
Federal Correctional Institution
Phoenix, Arizona

    *Defendant-Movant pro se*